# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5430 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Cacique vs. Cannorozzi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 4/29/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, plaintiffs' motion to dismiss defendant Joseph Cannarozzi's counterclaim [23-1] is denied. Enter Memorandum Opinion and Order. Answer to be filed by 4/8/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAR 26 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 41 |
| | Copy to judge/magistrate judge. | | | | |
| | MF | courtroom deputy's initials | 2004 MAR 25 PM 2:48 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CACIQUE, INC. and CACIQUE )
DISTRIBUTORS, U.S., )
 )
Plaintiffs, )
 )
v. )
 ) No. 03 C 5430
MARIA GONZALEZ and, )
MARTHA SALAZAR, ) Judge John W. Darrah
 )
Defendants, )
 )
and JOSPEH CANNAROZZI, )
 )
Defendant-Counterclaimant. )

DOCKETED
MAR 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Cacique, Inc. and Cacique Distributors, U.S., filed suit against Defendant-Counterclaimant, Joseph Cannarozzi and Defendants, Maria Gonzalez and Martha Salazar, alleging misappropriation of trade secrets. Cannarozzi subsequently filed an Amended Counterclaim, alleging interference with contractual relations and interference with prospective economic advantage. The Amended Counterclaim seeks preliminary and permanent injunctions against the Plaintiffs to enjoin and restrain them from improperly persuading, inducing or causing any of Cannarozzi & Company's current and prospective customers to cease doing business with Cannarozzi and/or Cannarozzi & Company, as well as from disseminating any damaging or prejudicial information concerning or relating to Cannarozzi and/or Cannarozzi & Company into the cheese and dairy products business community/industry, absent a proper factual foundation for such information.

Presently before the Court is Plaintiffs' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Cacique, Inc. and Cacique Distributors, U.S. (collectively "Cacique") seek dismissal of Cannarozzi's Amended Counterclaim.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint and Amended Counterclaim support the following summary of the alleged operative conduct of the parties.

Cannarozzi worked for Cacique as a Regional Sales Manager in the Chicago Area until December 19, 2002, when he voluntarily resigned from the position. Maria Gonzalez worked as a District Manager for Cacique until May 2003, when she voluntarily resigned. Martha Salazar was employed by Cacique as a Product Demonstrator until she was laid off.

Cannarozzi commenced operation of Cannarozzi & Company, a food brokerage business, in January 2003. Gonzalez and Salazar were employed by Cannarozzi & Company as lower-level employees. Cannarozzi, via Cannarozzi & Company, brings suppliers, distributors and customers

together to facilitate sales of dairy/food products. Cannarozzi is the broker for Tropical Cheese Industries, Inc., ("Tropical") one of Plaintiff's competitors.

Plaintiff's Complaint alleges that Cannarozzi misappropriated Plaintiff's trade secrets and will inevitably disclose such alleged trade secrets to Tropical. In addition, the Complaint alleges that Cannarozzi misappropriated trade secrets with an intent to utilize the claimed confidential Cacique trade secret information to promote and sell Tropical's Hispanic-style dairy products.

In his Amended Counterclaim, Cannarozzi alleges that the Plaintiffs, through Ernesto Ramirez (Regional Sales Manager for Cacique, Inc.) and others, have knowingly and maliciously sought to interfere with Cannarozzi's and Cannarozzi & Company's current contractual relations and prospective business relations (prospective economic advantage) by suing Cannarozzi "without merit"; by suing Gonzalez and Salazar and forcing them to resign from Cannarozzi & Company; and by informing current customers and prospective customers of the following: (1) that Cannarozzi was "the enemy"; and (2) that what Cannarozzi had done in the marketplace was worse than sleeping with Ernesto Ramirez's wife.

Plaintiffs contend that Cannarozzi's Amended Counterclaim should be dismissed because: (1) tortious interference with contractual relations and/or prospective economic advantage cannot be alleged based on the action of filing a lawsuit; (2) identifying Cannarozzi as "the enemy" states a protected opinion and does not harm Cannarozzi's reputation; and (3) Ramirez's characterization of Cannarozzi's actions is a protected opinion.

A party has no cause of action against a *bona fide* competitor unless the circumstances indicate unfair competition, that is, an unprivileged interference with prospective economic advantage. *A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1404-05 (7th Cir.

3

1992). Illinois courts have adopted the formulation of the Restatement (Second) of Torts § 768 (1979) in defining unlawful competition. *A-Abart Elec. Supply, Inc.*, 956 F.2d at 1405. Under the Restatement, if the tort of interference with prospective economic advantage is alleged, the defendant may raise and is entitled to the protection of the "privilege" of competition. *A-Abart Elec. Supply, Inc.*, 956 F.2d at 1404-05. It is a conditional privilege and is as follows:

> "(1) One who intentionally causes a third person not to enter into a prospective contractual relation with another . . . does not interfere improperly with the other's relation if:
> (a) the relation concerns a matter involved in the competition between the actor and the other; and
> **(b) the actor does not employ wrongful means**; and
> (c) his action does not create or continue in an unlawful restraint of trade; and
> (d) his purpose is at least in part to advance his interest in competing with the other." Restatement (Second) of Torts § 768 (1979). (Emphasis added.)

Comment (e) relating to element (c) of this section provides that, "physical violence, fraud, **civil suits** and criminal prosecutions, are all **wrongful means** in the situation covered by this section." Restatement (Second) of Torts § 768. (Emphasis added.)

When conduct is privileged, the plaintiff (counter-plaintiff here) must demonstrate actual malice on the defendant's part to overcome the conditional privilege and to prevail on the tortious interference claim. Malice, in interference with contractual relations cases, means that the interference must have been intentional and unjustified. *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995). The evidence must show that the defendant acted with a desire to harm unrelated to the interest that the defendant was presumably seeking to protect. *Prince v. Zozove*, 959 F.2d 1395, 1400 (7th Cir. 1992). Wrongful means adopted to interfere with the competitive privilege set forth in the Restatement will result in liability if it involves the threat or institution of groundless civil

4

suits in bad faith. *Great Escape, Inc. v. Union City Body Co., Inc.*, 791 F.2d 532, 542 (7th Cir.1986); *Zenith Electronics Corp. v. Exzec, Inc.*, 1997 WL 223067 1, 6 (N.D. Ill. 1997). Bringing a civil suit in bad faith or with malicious intent is recognized as a "wrongful means" upon which the competitor's privilege is destroyed and upon which a claim for tortious interference may be based. *Lynchval Sys., Inc. v. Chicago Consulting Actuaries, Inc.*, 1998 WL 151814 1, 8-9 (N.D. Ill. 1998); *Stafford*, 63 F.3d at 1442.

Under the Federal Rules of Civil Procedure, claims for relief only necessitate a pleading setting forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for relief. Fed. R. Civ. P. 8. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9.

Cannarozzi has provided a short and plain statement of his claim, including a general averment that the Plaintiff's action was brought with malice. Paragraph 20 of Defendant's counterclaim states, "Plaintiffs, through, among others, Ernesto Ramirez, have knowingly and **maliciously sought to interfere with Cannarozzi's and Cannarozzi & Company's current contractual relations and prospective business relations by suing Cannarozzi without merit,** by suing Gonzalez and Salazar and forcing them to resign from Cannarozzi & Company . . ." (Emphasis added.) Paragraph 26 of Defendant's counterclaim states, "**Plaintiffs brought their action with the specific intention to damage Cannarozzi's business,** reasonably believing that Salazar and Gonzalez would likely be forced to resign their positions with Cannarozzi & Company, and that Cannarozzi, therefore, would not be able to adequately service his customers." (Emphasis

5

added.) Cannarozzi has sufficiently pled malicious intent in its counterclaim to support a claim of tortious interference.

Plaintiffs cite *Havoco of Amer., Ltd. v. Hollobow*, stating, "Under Illinois law, the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process." *Havoco of Amer., Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983). Havoco asserted that the defendants filed a groundless lawsuit that was wholly baseless. Unlike Cannarozzi, Havoco never alleged malice or malicious intent in connection with the defendant's filing of the lawsuit.

Plaintiffs also cite *Wilton v. Gallagher*, which reiterates the principle that the only cause of action recognized for the wrongful filing of a lawsuit is one for malicious prosecution or abuse of process. Unlike Cannarozzi, but similar to Havoco, Wilton never alleged malice or malicious intent in connection with the defendant's filing of the lawsuit.

Cannarozzi has sufficiently pled a claim for tortious interference with contractual relations and prospective economic advantage without regard to the alleged statements by Plaintiffs. Accordingly, it is, therefore, unnecessary to discuss Plaintiffs' other contentions in support of dismissing Cannarozzi's Counterclaim.

For the foregoing reasons, Plaintiffs' Motion to Dismiss is denied.

Dated: March 26, 2004

JOHN W. DARRAH
United States District Judge