# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5430 | **DATE** | 10/20/2004 |
| **CASE TITLE** | Cacique, Inc. vs. Cannarozzi | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]     Counter-defendant's motion to modify the discovery schedule and re-open discovery is granted. Discovery ordered closed on 4/6/05. Pretrial conference set for 8/25/05 at 1:30 p.m. Jury trial set for 9/12/05 at 9:00 a.m. The Court strikes the jury trial stated in open court of 9/6/05. For the reasons stated in the attached memorandum opinion and order, defendants' motion to alter or amend the order/judgment is denied with respect to imposing attorneys' fees. The order dismissing plaintiffs' claims is amended to reflect that the dismissal is with prejudice. Enter Memorandum Opinion and Order. Response to the second amended counterclaim is due by 11/17/04, reply by 11/30/04. Status hearing set for 1/6/05 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CACIQUE, INC.; and )
CACIQUE DISTRIBUTORS, U.S., )
)
    Plaintiffs, )
)
    v. )    No: 03 C 5430
)
JOSEPH A. CANNAROZZI, )    Judge John W. Darrah
CANNAROZZI AND CO., )
MARIA J. GONZALEZ, and )
MARTHA SALAZAR, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Cacique, Inc. and Cacique Distributors, filed suit against Defendants, Joseph
A. Cannarozzi, Cannarozzi and Company, Maria J. Gonzalez, and Martha Salazar. After
Defendants filed a motion for summary judgment, Plaintiffs were granted a voluntary dismissal
without prejudice. Presently before the Court is Defendants' Motion to Alter or Amend
Order/Judgment. Defendants seek attorneys' fees and costs for the dismissal of this action.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended to
correct errors. The rule allows district courts to correct errors, thus preventing unnecessary
appeals. *Russell v. Delco Remy Div. of General Motors*, 51 F.3d 746, 759 (7th Cir. 1995).

## **BACKGROUND**

The facts, for the purposes of this motion, are as follows. After Cannarozzi stopped working for Plaintiffs, he was employed by Plaintiffs' competitor. Cannarozzi then hired Gonzalez and Salazar to work for him. Plaintiffs filed suit against Defendants, all former employees of Plaintiffs. Plaintiffs alleged that Defendants would inevitably disclose and had threatened to misappropriate Plaintiffs' trade secrets by working for Plaintiffs' competitor. Defendants filed counterclaims, including a claim for interference with contractual relations.

During the course of discovery, Plaintiffs learned that Salazar and Gonzalez were no longer employed by Cannarozzi. Thereafter, Defendants filed a motion for summary judgment. While the motion for summary judgment was pending, Plaintiffs completed the deposition of Cannarozzi. At this deposition, Plaintiffs learned that Cannarozzi was no longer employed by Plaintiffs' competitor. Without significant delay, Plaintiffs then sought a voluntary dismissal of the action. A voluntary dismissal without prejudice was granted, but no terms and conditions were imposed upon Plaintiffs.

Thereafter, Defendants filed two motions. First, Defendants filed the instant motion, which seeks to impose attorneys' fees upon Plaintiffs as a term and condition of the voluntary dismissal. Second, Defendants were granted leave to file an amended counterclaim; Defendants sought to add additional claims seeking attorneys' fees.

## ANALYSIS

Defendants seek to alter or amend the order granting Plaintiffs' Motion for Voluntary Dismissal. Specifically, Defendants seeks to impose attorneys' fees as a "term and condition" for Plaintiffs' voluntary dismissal without prejudice, which occurred after Defendants filed a motion for summary judgment.

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has filed a motion for summary judgment, "an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994) (*Marlow*). If a defendant will suffer "legal prejudice" from a voluntary dismissal, then terms and conditions may be imposed upon the plaintiff. *See United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (*Outboard Marine*). However, if a "term and condition" is imposed upon a voluntary dismissal, a plaintiff must be afforded an opportunity to withdraw the motion for voluntary dismissal. *See Marlow*, 19 F.3d at 304-05.

Four factors are used to guide the determination of whether a defendant will suffer legal prejudice: "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] the fact that a motion for summary judgment has been filed by the defendant." *Outboard Marine*, 789 F.2d at 502 (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). A defendant may have to defend the same suit if it is refiled without protection by the doctrine of *res judicata* from a prior favorable ruling on summary judgment; therefore, attorneys' fees may be imposed as a "term and condition" for a

3

post-summary-judgment motion for voluntary dismissal without prejudice. *Marlow*, 19 F.3d at 303. Alternatively, a dismissal with prejudice can be imposed as a "term and condition" of the voluntary dismissal. *Marlow*, 19 F.3d 303. However, neither "term and condition" is mandatory, and a district court has discretion in making this determination. *See Kovalic v. Dec Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988).

Here, Defendants have incurred some effort and expenses in preparing for trial. Discovery has been completed, and dispositive motions were filed. However, Defendants also are prosecuting counterclaims. Thus, some of the effort and expenses Defendants have incurred in defending the action may also be useful in this regard.

Plaintiffs have also diligently prosecuted this action. Although Defendants contend that Plaintiffs did not take discovery until after the case was pending for five months, Plaintiffs filed a motion to dismiss a counterclaim during this time period and timely responded to an amended counterclaim filed by Defendants. Defendants have not identified any other absence of diligence by Plaintiffs.

Plaintiffs provide a reasonable explanation for the voluntary dismissal. Plaintiffs did not learn Cannarozzi was no longer employed by Plaintiffs' competitor until after the motion for summary judgment was pending and filed their motion for voluntary dismissal without delay. However, Plaintiffs have presented no reasons for not diligently dismissing the action against Salazar and Gonzalez after Plaintiffs learned these two Defendants were no longer employed by Cannarozzi.

Plaintiffs now assert that they would be willing not to object to a dismissal with prejudice. Moreover, Defendants also have pending counterclaims that seek attorneys' fees.

4

Therefore, Plaintiffs' voluntary dismissal is amended to include the condition of prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Alter or Amend the Order/Judgment is denied with respect to imposing attorneys' fees. The order dismissing Plaintiffs' claims is amended to reflect that the dismissal is with prejudice.

Date: October 20, 2004

John W. Darrah, Judge
United States District Court